## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANNETTE DAVIS,
>              Appellant,

>      v.

DEPARTMENT OF THE INTERIOR,
>              Agency.

DOCKET NUMBER
AT-0752-09-0860-C-2

DATE: January 13, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Adam J. Conti, Esquire, Atlanta, Georgia, for the appellant.

Isaiah D. Delemar, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### ORDER

This case is before the Board on the agency's petition for review of the compliance initial decision, which granted the appellant's petition for enforcement of the Board's final decision reversing her removal. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, we DISMISS the agency's petition for review as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g). As a result, we ORDER the agency to submit satisfactory evidence of compliance regarding the proper restoration of the appellant's annual leave, as set forth in the compliance initial decision.

¶2        On July 10, 2017, the administrative judge issued a compliance initial decision in which he found that the agency had improperly removed 416 hours of the appellant's annual leave, which had been previously restored to her. *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-C-2, Compliance File, Tab 8, Compliance Initial Decision (CID) at 3-6. He also found that the agency failed to establish a separate leave account for the restored hours as required by Office of Personnel Management regulations. *Id.* The compliance initial decision informed the parties that it would become the final decision of the Board on August 14, 2017, unless a petition for review was filed by that date. CID at 9.

¶3        On August 17, 2017, the agency filed a pleading styled as "Agency's Motion to Reverse Board's Non-Compliance Ruling," in which it challenged the administrative judge's findings in the compliance initial decision. Petition for Review (PFR) File, Tab 1. The same day, the agency also filed a declaration from an agency official, submitted under penalty of perjury, which appeared to offer reasons for the untimely filing of the petition for review. PFR File, Tab 2. The Clerk of the Board acknowledged the first pleading as the agency's petition for review and the second pleading as the agency's explanation of the facts and circumstances which it believed demonstrated good cause for the untimely filing. PFR File, Tab 3. The appellant has responded in opposition to both of the agency's pleadings. PFR File, Tab 4.

¶4        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing, a party must show that it exercised

due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of its excuse and its showing of due diligence, whether it is proceeding pro se, and whether it has presented evidence of the existence of circumstances beyond its control that affected its ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to its inability to timely file its petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5    As the reason for its failure to meet the filing deadline in this case, the agency has offered the declaration of the Comptroller of the National Park Service's Southeast Region (SER). PFR File, Tab 2. Therein he describes his duties as including managing the SER's Budget Office, formulating budgets, and financial management, and he also states that he is the appellant's second-line supervisor. He explains that, during the "appeal process," he traveled outside the continental United States on a temporary work assignment, and he describes the nature of his duties for that assignment. *Id.* at 5. He indicates that the mission lasted 3 days, and he has submitted a copy of the travel voucher that authorized his travel to Puerto Rico for the period from August 8 through August 11, 2017. *Id.* at 5, 7-8. He states that, while on this assignment, he was unable to retrieve the supporting documents from the Regional Human Resources Office and get them to the agency representative before the due date for filing the petition for review in this case, but he indicates that he did not inform the agency representative that he would be out of the country and unable to retrieve the documents before the filing deadline. *Id.* at 5-6. He further states that, when he received the documents on August 15, 2017, he sent them to the agency representative. The Comptroller maintains that his failure to get the agency

representative's documents was not intended to cause an undue delay or to prejudice the appellant's case. *Id.* at 6.

¶6 However, the Comptroller has not explained why he could not have secured the necessary documents in the weeks between the beginning of the petition for review filing period, July 10, 2017, and the date of his travel. Nor has he explained why he failed to advise the agency representative of the possible implications—of his need to travel outside the country during the 3-day period— on the timeliness of the petition for review. Moreover, the agency representative has not submitted any declaration and therefore has failed to explain why, being aware that he did not have the documentation he believed he needed to file a petition for review, he did not request an extension of time in which to do so before the deadline passed. *See Grant v. Department of Defense*, 59 M.S.P.R. 386, 389 (1993), *aff'd*, 34 F.3d 1079 (Fed. Cir. 1994) (Table).

¶7 Although the length of the filing delay in this case is only 3 days, the agency has not shown that it exercised due diligence. In addition, we note that the agency is, and has been, represented by counsel throughout these proceedings. Finally, the agency has not presented evidence of circumstances beyond its control that affected its ability to comply with the filing time limits. *Moorman*, 68 M.S.P.R. at 62-63.

¶8 Accordingly, we dismiss the agency's petition for review as untimely filed.

## ORDER

¶9 We ORDER the agency to submit to the Clerk of the Board within 45 days of the date of this Order satisfactory evidence of compliance, as set forth in the administrative judge's compliance initial decision of July 10, 2017. CID at 6-7. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submitting evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it: (1) properly restored the appellant's 416 hours of erroneously forfeited annual leave to her

annual leave balance, placing it in the separate account reserved for hours restored pursuant to 5 C.F.R. § 550.805(g); (2) transferred all of the appellant's annual leave hours restored pursuant to 5 C.F.R. § 550.805(g), whether previously or in compliance with the administrative judge's order, into a special leave account, taking care not to conflate annual leave hours restored pursuant to 5 C.F.R. § 550.805(g) with annual leave hours restored pursuant to 5 C.F.R. § 630.306; and (3) allowed the appellant to schedule and use her annual leave hours restored pursuant to 5 C.F.R. § 550.805(g), and/or this Order, by the end of the leave year in progress 4 years after the date on which the separate account is established. We ORDER the appellant to cooperate in good faith in the agency's efforts, and to provide all necessary information the agency requests to help it carry out the Board's Order. The agency must serve all parties with copies of its submission.

¶10 The Board will assign a new docket number to this matter, **MSPB Docket No. AT-0752-09-0860-X-1**. All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C.  20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶11 The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

¶12    The agency is reminded that if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(c)(1).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with."  5 U.S.C. § 1204(e)(2)(A).

¶13    This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon final resolution of the remaining issues in this petition for enforcement by the Board, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.